# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0328V

|  |  |
|---|---|
| ALFRED D. CORIALE,<br><br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: January 16, 2026 |

*Ramon Rodriguez, III, Sands Anderson, PC, Richmond, VA, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON RECONSIDERATION REVISING
### <u>AWARD OF ATTORNEY'S FEES AND COSTS[1]</u>

On March 1, 2024, Alfred D. Coriale filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome that developed following an influenza vaccine administered on September 21, 2021. Petition, ECF No. 1. On December 23, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 37.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,066.85 (representing $45,895.90 in fees, plus $2,136.85 in litigation costs and $34.10 in Petitioner's personal out-of-pocket costs). Application for Attorney's Fees and Costs ("Motion") filed May 13, 2025. ECF No. 44. Petitioner filed a signed statement indicating that he incurred case costs as stated above. ECF No. 44-1.

Respondent reacted to the motion on May 21, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, and requesting that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. Respondent's Response to Motion at 2-3, ECF No. 46. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 47. On October 20, 2025, I issued a Decision on Fees and Costs. ECF No. 48. Thereafter, Petitioner's Counsel, Mr. Ramon Rodriguez, III, filed a Motion for Reconsideration regarding his 2025 hourly rate reduction. ECF No. 49.

I have reviewed Petitioner's Motion for Reconsideration and hereby approve Mr. Rodgriguez's proposed rate of $547.00 for work performed in 2025, representing an increase of $37.00 from the previous year. Application of Counsel's 2025 proposed rate reduces the amount of fees to be awarded herein by **$211.20**.[3] No further adjustments are made to all other time billed to the matter. I also find the proposed rates for paralegal work performed herein to be reasonable and shall be awarded.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 44-3 and ECF No. 44-5. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $47,855.65 (representing $45,684.70 in fees, plus $2,136.85 in litigation costs plus $34.10 representing Petitioner's out-of-pocket expenses) to be**

---

[3] This amount is calculated as follows: ($563.00 - $547.00 = $16.00 x 13.20 hours billed by attorney Rodriguez in 2025) = $211.20.

**paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.